IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LITEPANELS, LTD.** | § § | |
| **Plaintiff,** | § § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| **GODOX PHOTO EQUIPMENT CO., LTD** | § § § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff, Litepanels, Ltd. ("Litepanels") for its Complaint against Defendant, Godox Photo Equipment Co. Ltd. ("Godox"), hereby alleges as follows:

## PARTIES

1. Plaintiff Litepanels Ltd. ("Litepanels") is a United Kingdom private limited company with its principal place of business located at Bridge House, Heron Square, Richmond, TW9 1EN, United Kingdom.

2. Defendant, Godox Photo Equipment Co. Ltd. ("Godox") is a foreign entity located at 4th Floor of Building 1, 1st to 4th Floor of Building 2, 4th Floor of Building 3, 1st to 4th Floor of Building 4, Yaochuan Industrial Zone, Tangwei Community, Fuhai Street, Bao'an District, Shenzhen 518103, China.[1]

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. The Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[1] http://www.godox.com/Contact/ (last visited February 11, 2022).

4. Litepanels and Godox are foreign corporations with their principal places of business in some state or country other than Texas, thereby creating a diversity of citizenship between Plaintiff and Defendant. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Therefore, this Court also has jurisdiction of this action under 28 U.S.C., § 1332.

5. Upon information and belief, Defendant is subject to personal jurisdiction of this Court because Defendant is a foreign corporation having done, and currently doing, business in this District, including offering for sale, selling and distributing certain of its LED-based photographic lighting products which infringe one or more of Plaintiff's patents identified herein (the "Accused Products"), directly to Texas consumers and/or to Texas distributors with actual knowledge and/or expectation that the Accused Products would be sold in Texas and purchased by consumers in Texas and/or will be used by consumers in Texas.

6. Therefore, the exercise of jurisdiction over Defendant is proper under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because, among other reasons, Defendant has sufficient minimum contacts with the forum state and has committed acts of infringement in this District by way of its actual knowledge and/or expectation that the Accused Products have been sold in Texas and purchased by consumers in Texas, and/or will be used by consumers in Texas.

**FACTS**

8. Litepanels is a leading designer and manufacturer of high quality, light emitting diode ("LED") based lighting systems that have become staples of the United States motion picture, television, and still photography industries. Litepanels' Emmy Award winning products

have revolutionized film, video, and still photography lighting practices, and enjoy tremendous commercial success among both amateur users and lighting professionals. (*See* Emmy Letter (attached as Exhibit A)).

9. Today, Litepanels' products are used to light a wide-range of popular television news, sports, reality and produced programs, including (a very small sample) the CBS Evening News, FOX and ESPN sports productions, Netflix's "Stranger Things" and "Sex Education", NBC's "The Blacklist", and Fox's "24" as well as movies including: Disney's "Artemis Fowl", "Murder on the Orient Express" and "Rebecca." Litepanels' lighting systems have also been installed in both the White House and Pentagon press briefing rooms and are found in the International Space Station. (*See* White House and Application Summary (attached as Exhibit B)).

10. Litepanels' record of developing and launching technically innovative and commercially successful products stems from its ongoing commitment to research, development, and quality manufacturing processes. Throughout its history, Litepanels has made substantial investments to research, develop, and manufacture high-quality LED photographic lighting systems, including its Gemini and Astra product lines. Litepanels acts diligently and aggressively to secure protection for the fruits of its ongoing investments. Litepanels has numerous issued United States and international patents for its innovations including, but not limited to, the following United States Patents: 7,972,022 (the "'022 patent"); 7,318,652 (the "'652 patent"); and 7,510,290 (the "'290 patent") (collectively, the "Asserted Patents").[2]

11. As the popularity and goodwill associated with Litepanels' lighting systems grew, so too did the number of foreign and U.S.-based operations attempting to capitalize on Litepanels'

---

[2] The '022 Patent, '652 Patent, and '290 Patent have now expired. Plaintiff, pursuant to 35 U.S.C. § 286 seeks infringement damages for the period of time from six years prior to the date of the filing of this complaint through the date of each asserted patent's expiration.

investments and innovations. Litepanels encountered numerous "knock-off" and other low-quality variations of Litepanels' products in the U.S. marketplace.

12. The Accused Products are LED lighting devices for illuminating the subject for film, photography or video and include, but are not limited to, models and/or product lines previously sold, currently sold, and/or marketed for sale in the United States, by Defendant. The following chart depicts the specific product and/or product lines accused of direct and/or indirect infringement with respect to the identified patent:[3]

| PRODUCT AND/OR PRODUCT LINE | '022 PATENT | '652 PATENT | '290 PATENT |
|---|---|---|---|
| CL series (including, but not limited to, CL10) | X | | |
| LC series (including, but not limited to LC500R, LC500) | X | | |
| LD series (including, but not limited to, LD75R, LD150R, LD150RS) | X | X | X |
| LF series (including, but not limited to, LF308) | X | X | |
| LR series (including, but not limited to, LR120, LR 150, LR160, LR 180) | X | | |
| Litemons series (including, but not limited to, LED6Bi) | X | X | |
| LED series (including, but not limited to, LED36, LED64, LED126, LED170, LED170II, LED 308, LED308II, LED500, LED500L, LED500LR, LED1000, LED1000II, LED Video Light) | X | X | X |
| LEDP series (including, but not limited to, LEDP120, LEDP260) | X | | |
| LEDM series (including, but not limited to, LEDM32, LEDM150) | X | | |

---

[3] Upon information and belief, the Accused Products identified in the chart were previously sold or are currently offered for sale in the United States. Discovery may reveal that the Accused Products infringe additional patents beyond those identified in the chart. Further, discovery may reveal additional products and/or product lines which infringe one or more of the Asserted Patents. Accordingly, Plaintiff reserves the right to amend its allegations with regard to Accused Products.

4

| | | | |
|---|---|---|---|
| E-Sports series (including, but not limited to, ES45) | X | | |
| Flexible series (including, but not limited to, FL60, FL100, FL150R, FL150S) | X | | |
| FV series (including, but not limited to, FV200) | X | | X |
| Macro series (including, but not limited to, Ring48, Ring72) | X | | |
| ML series (including, but not limited to, ML60Bi) | X | | |
| Mini Creative series (including, but not limited to, M1, R1) | X | | |
| S series (including, but not limited to, S30, S60) | X | X | |
| SL series (including, but not limited to, SL100D, SL100Bi) | X | | |
| SL series II (including, but not limited to, SL200 IIBi) | X | X | X |
| SLB series (including, but not limited to, SLB60W, SLB60Y) | X | | |
| SZ series (including but not limited to SZ200Bi) | X | X | |
| Tube series (including, but not limited to, TL60) | X | | |
| UL series (including, but not limited to, UL60Bi) | X | | X |
| VL series (including, but not limited to, VL300) | X | X | X |
| VSA series (including, but not limited to, 19K, 26K, 36K) | X | X | X |

13. Upon information and belief, Defendant made, imported, marketed, offered for sale, and sold the Accused Products which incorporate, without license, many inventions developed by Litepanels and protected by one or more of the Asserted Patents.

**COUNT I**
**INFRINGEMENT OF THE '022 PATENT**

14. Plaintiff incorporates paragraphs 1 through 13 above by reference.

15. The '022 patent is entitled "Stand-Mounted Light Panel For Natural Illumination

5

in Film, Television or Video" and issued July 5, 2011 to inventors Rudy Pohlert, Pat Grosswendt, Kevin Baxter, and Ken Fisher.

16. Litepanels owns all right, title, and interest to the '022 patent. A copy of the '022 patent is attached to this Complaint as Exhibit C.

17. Defendant has infringed at least claim 1 of the '022 patent in this District and throughout the United States by making, using, importing, selling and/or offering for sale the Accused Products. Each of the Accused Products meet each and every limitation of at least claim 1 of the '022 patent. Defendant has infringed literally and/or under the doctrine of equivalents. In addition, with regard to certain VL and VSA products, Defendant has infringed indirectly through inducement and/or contributorily.

18. For example, Defendant's LED1000II product line (hereinafter, collectively "LED1000"), which is exemplary and representative of the Accused Products, contains each element of and infringes[4] at least claim 1 of the '022 patent, which recites the following:

> An apparatus for illuminating a subject for film, photography or video, the apparatus comprising:
> a frame having a front;
> a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination, said semiconductor light elements having a color temperature suitable for image capture, at least one of said semiconductor light elements individually emitting light in a daylight color temperature range or a tungsten color temperature range; and
> a dimmer whereby an illumination intensity of said semiconductor light elements may be user adjusted;
> wherein said frame is adapted for being mounted to and readily disengaged from a stand.

---

[4] *See supra* n.2.

19.     As confirmed by at least the following images and cited references, the LED1000 is an apparatus meant for illuminating a subject for film, photography or video. Defendant advertised on its website that the LED1000 is "excellent for product shooting, photojournalistic and videorecording, etc."[5]

20.     The LED1000 includes a frame having a front as shown in the following image:[6,7]



21.     The LED1000 contains a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination as shown in the following image:[8]

---

[5] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).
[6] In Litepanels v. Flolight, LLC, the United States District Court for the Eastern District of Texas, Marshall Division, construed 'frame' as being a "supporting structure" and 'front' as being the "side from which light is emitted." *See Litepanels, LTD, et al v. Flolight, LLC,* 2:20-cv-00344 at Dkt. 57.
[7] http://www.godox.com/EN/InstructionManual/Godox_Catalog_31th_En_20210420.pdf (last visited August 24, 2021).
[8] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).



22. The semiconductor light elements on the LED1000 have a color temperature suitable for image capture. Defendant advertised on its website that the LED1000 "provides a wide spectrum, beautifully soft and even illumination for photography."[9]

23. At least one of the semiconductor light elements on the LED1000 product emits light in a daylight color range or a tungsten color temperature range. Defendant advertised on its website that the "white version" has a daylight color temperature of "5600K +/-300k."[10] Defendant advertised on its website that the "yellow version" has a tungsten color temperature of "3300K +/-300k."[11] Defendant advertised on its website that the "changeable version" is capable of producing a color temperature from 3300K to 5600K," which represents the ability to produce in either the daylight or tungsten color temperature ranges.[12]

24. The LED1000 product contains a dimmer whereby an illumination intensity of said semiconductor light elements may be user adjusted. Defendant's website contained the following image related to adjustment of brightness via a user adjusted knob and advertised on that "[y]ou

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] http://www.godox.com/EN/Products_Continuous_LED500_LED1000_Video_Light.html (last visited August 6, 2020).

8

are free to control the brightness [of the LED1000] from 100% to 0%....":[13]



25.     The LED1000 frame is adapted for being mounted and readily disengaged from a stand. Defendant included images on its website showing the LED1000 mounted on a stand, with adjustable knobs to allow the panel to be readily mounted to and removed from the stand, as follows:[14]



26.     Defendant has never been licensed or otherwise authorized to practice the claims

---

[13] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).
[14] *Id.*

9

of the '022 patent.

27. As a direct and proximate cause of Defendant's infringement of the '022 patent, Plaintiff has been damaged in an amount yet to be determined.

## COUNT II
## INFRINGEMENT OF THE '652 PATENT

28. Plaintiff incorporates paragraphs 1 through 27 above by reference.

29. The '652 patent is entitled "Versatile Stand-Mounted Wide Area Lighting Apparatus" and issued January 18, 2008 to inventors Rudy Pohlert, Pat Grosswendt, Kevin Baxter, and Ken Fisher.

30. Litepanels owns all right, title, and interest to the '652 patent. A copy of the '652 patent is attached to this Complaint as Exhibit D.

31. Defendant has infringed at least claim 1 of the '652 patent in this District and throughout the United States by making, using, importing, selling, renting and/or offering for sale the Accused Products. Each of the Accused Products meet each and every limitation of at least claim 1 of the '652 patent. Defendant has infringed directly and/or under the doctrine of equivalents. In addition, with regard to certain VL and VSA products, Defendant has infringed indirectly through inducement and/or contributorily.

32. For example, Defendant's LED1000 product, which is exemplary and representative of the Accused Products, contains each element of and infringes[15] at least claim 1 of the '652 patent, which recites the following:

> A lighting system suitable to provide proper illumination for lighting of a subject in film or video, comprising:
> a portable frame having a panel including a mounting surface;
> a plurality of semiconductor light elements disposed on said mounting surface, said

---

[15] *See supra* n.2.

10

semiconductor light elements emitting light within a color temperature range suitable for image capture, at least one of said semiconductor light elements emitting light in a daylight or tungsten color temperature range; and

a focusing element for adjusting the focus and/or direction of the light emitted by said semiconductor light elements;

wherein said portable frame is adapted for being mounted to and readily disengaged from a stand.

33. As confirmed by at least the following images and cited references, the LED1000 is a lighting system suitable to provide proper illumination for lighting of a subject in film or video. Defendant advertised on its website that the LED1000 is "excellent for product shooting, photojournalistic and videorecording, etc."[16]

34. The LED1000 has a portable frame[17] having a panel including a mounting surface. The Defendant's website advertised that the LED1000 is "[d]esigned to be portable yet versatile," and further included images showing the LED1000's portable frame having a panel including a mounting surface, as shown in the following image:[18]



---

[16] http://www.godox.com/EN/InstructionManual/Godox_Catalog_31th_En_20210420.pdf (last visited August 24, 2021).

[17] The term "frame" as used in the '652 Patent does not differ from the term's usage in the '022 Patent. The United States District Court for the Eastern District of Texas, Marshall Division, has construed the '022 Patent's use of the term 'frame' to mean "supporting structure." *See Litepanels, LTD, et al v. Flolight, LLC,* 2:20-cv-00344 at Dkt. 57.

[18] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).

35. The LED1000 contains a plurality of semiconductor light elements disposed on said mounting surface as shown in the image above.

36. The semiconductor light elements on the LED1000 emit light having a color temperature suitable for image capture. Defendant advertised on its website that the LED1000 "provides a wide spectrum, beautifully soft and even illumination for photography."[19]

37. At least one of the semiconductor light elements on the LED1000 product emits light in a daylight color range or a tungsten color temperature range. Defendant advertised on its website that the "white version" has a daylight color temperature of "5600K +/-300k."[20] Defendant advertised on its website that the "yellow version" has a tungsten color temperature of "3300K +/-300k."[21] Defendant advertised on its website that the "changeable version" is capable of producing a color temperature from 3300K to 5600K," which represents the ability to produce in either the daylight or tungsten color temperature ranges.[22]

38. The LED1000 comprises a focusing element for adjusting the focus and/or direction of the light emitted by said semiconductor light elements. Each of the LED1000's semiconductor light elements are LED bulbs with an integral lens cap which constitutes an optical focusing element for adjusting the focus and/or direction of the light emitted by said semiconductor light elements, as shown in the image below:[23]

---

[19] *Id*.
[20] *Id.*
[21] *Id.*
[22] http://www.godox.com/EN/Products_Continuous_LED500_LED1000_Video_Light.html (last visited August 6, 2020).
[23] *Id.*



39. The LED1000's portable frame is adapted for being mounted to and readily disengaged from a stand. Defendant included images on its website showing the LED1000's portable frame mounted on a stand, with adjustable knobs to allow the portable frame to be readily disengaged from the stand, as show in the image below:[24]



40. Defendant has never been licensed or otherwise authorized to practice the claims of the '652 patent.

41. As a direct and proximate cause of Defendant's infringement of the '652 patent, Plaintiff has been damaged in an amount yet to be determined.

**COUNT III**
**INFRINGEMENT OF THE '290 PATENT**

---

[24] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).

13

42. Plaintiff incorporates paragraphs 1 through 41 above by reference.

43. The '290 patent is entitled "Stand-Mounted Light Panel For Natural Illumination in Film, Television or Video" and issued March 31, 2009 to inventors Rudy Pohlert, Pat Grosswendt, Kevin Baxter, and Ken Fisher.

44. Litepanels owns all right, title, and interest to the '290 patent. A copy of the '290 patent is attached to this Complaint as <u>Exhibit E</u>.

45. Defendant has infringed at least claim 1 of the '290 patent in this District and throughout the United States by making, using, importing, selling, renting and/or offering for sale the Accused Products. Each of the Accused Products meet each and every limitation of at least claim 1 of the '290 patent. Defendant has infringed directly and/or under the doctrine of equivalents. In addition, with regard to certain VL and VSA products, Defendant has infringed indirectly through inducement and/or contributorily.

46. For example, Defendant's LED1000 product, which is exemplary and representative of the Accused Products, contains each element of and infringes[25] at least claim 1 of the '290 patent, which recites the following:

> An apparatus for illuminating a subject for film, photography or video, the apparatus comprising:
>
> a frame having a front;
>
> a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination, said semiconductor light elements having a color temperature suitable for image capture, at least one of said semiconductor light elements individually emitting light in a daylight color temperature range or a tungsten color temperature range; and
>
> a dimmer whereby an illumination intensity of said semiconductor light

---

[25] *See supra* n.2.

elements may be user adjusted;

wherein said frame is adapted for being mounted to and readily disengaged from a stand and further comprises a stand adapter bracket configured to be mounted to and readily disengaged from said stand; and

wherein said stand adapter bracket comprises a yoke for mounting said frame, and wherein said frame is configured to swivel and/or tilt when mounted to said yoke.

47. As confirmed by at least the following images and cited references, the LED1000 is a lighting system suitable to provide proper illumination for lighting of a subject in film or video. Defendant advertised on its website that the LED1000 LED1000 is "excellent for product shooting, photojournalistic and videorecording, etc."[26]

48. The LED1000 includes a frame having a front[27] as shown in the image below:[28]



---

[26] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).
[27] The United States District Court for the Eastern District of Texas, Marshall Division, construed the '022 Patent term 'frame' to mean "supporting structure" and the term 'front' to mean "side from which light is emitted." *See Litepanels, LTD, et al v. Flolight, LLC,* 2:20-cv-00344 at Dkt. 57.
[28] http://www.godox.com/EN/InstructionManual/Godox_Catalog_31th_En_20210420.pdf (last visited August 24, 2021).

15

49. The LED1000 contains a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination as shown in the following image:[29]



50. The semiconductor light elements on the LED1000 have a color temperature suitable for image capture. Defendant advertised on its website that the LED1000 "provides a wide spectrum, beautifully soft and even illumination for photography."[30]

51. At least one of the semiconductor light elements on the LED1000 product emits light in a daylight color range or a tungsten color temperature range. Defendant advertised on its website that the "white version" has a daylight color temperature of "5600K +/-300k."[31] Defendant advertised on its website that the "yellow version" has a tungsten color temperature of "3300K +/-300k."[32] Defendant advertised on its website that the "changeable version" is capable of producing a color temperature from 3300K to 5600K," which represents the ability to produce in either the daylight or tungsten color temperature ranges.[33]

52. The LED1000 product contains a dimmer whereby an illumination intensity of said

---

[29] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] http://www.godox.com/EN/Products_Continuous_LED500_LED1000_Video_Light.html (last visited August 6, 2020).

16

semiconductor light elements may be user adjusted. Defendant's website contained the following image related to adjustment of brightness via a user adjusted knob and advertised on that "[y]ou are free to control the brightness [of the LED1000] from 100% to 0%....":[34]



53.     The LED1000 frame is adapted for being mounted and readily disengaged from a stand. Defendant included images on its website showing the LED1000 mounted on a stand, with adjustable knobs to allow the panel to be readily mounted to and removed from the stand, as follows:[35]



---

[34] http://www.godox.com/EN/Products_Continuous_LED1000II.html (last visited August 24, 2021).
[35] *Id.*

17

54. The LED1000 stand adapter mounts include a yoke for mounting the frame, wherein the frame can swivel or tilt when mounted on the yoke. Defendant advertised on its website that "[t]hanks to the yoke, the light can be easily adjust the angle." [sic] [36] Further, Defendant's website advertised that the "[y]oke is compatible with most light stands and offers tightening knob for a secure fit."[37] Defendant also included images on its website showing the LED1000 stand adapter mount with a yoke upon which the LED1000 frame is mounted, containing adjustable knobs to allow for swivel and tilt movement, as shown in the image above.

55. Defendant has never been licensed or otherwise authorized to practice the claims of the '290 patent.

56. As a direct and proximate cause of Defendant's infringement of the '290 patent, Plaintiff has been damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment and provide relief as follows:

A. That Defendant has infringed the '022, '652, and '290 patents;

B. That the '022, '652, and '290 patents are valid and enforceable;

C. That Defendant be ordered to account for and pay to Plaintiff the damages resulting from Defendant's infringement of the '022, '652, and '290 patents together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

D. That this action be adjudicated an exceptional case and Plaintiff be awarded its

---

[36] *Id.*
[37] *Id.*

attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

E. That Plaintiff be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Litepanels demands a jury trial on all issues so triable.

Respectfully submitted,

By: */s/ Kenneth C. Goolsby*
Kenneth C. Goolsby
Texas SBN 24003668
V. Chris Botto
Texas SBN 24064926
**BOON CALK ECHOLS**
**COLEMAN & GOOLSBY, PLLC**
1800 N.W. Loop 281, Suite 303
Longview, TX 75604
Telephone: (903) 759-2200
Facsimile: (903) 759-3306
E-Mail: casey.goolsby@boonlaw.com


David M. Magee Texas SBN 24113304
Karl T. Fisher Texas SBN 24097689
**ARMSTRONG TEASDALE LLP**
Prudential Tower
800 Boylston St., 30th Floor
Boston, Massachusetts 02199
Telephone: 617.824.5150
Facsimile: 617.830.8490
E-Mail: dmagee@atllp.com
E-Mail: kfisher@atllp.com

*ATTORNEYS FOR PLAINTIFF*
*LITEPANELS LTD.*